**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **FLOYD EVANS, #1628227,** § | |
| Petitioner, § | |
| § | |
| v. § | **CIVIL NO. 3:15-CV-1757-G-BK** |
| § | |
| **WILLIAMS STEPHENS, Director** § | |
| **TDCJ-CID,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the petition be summarily dismissed as barred by the one-year statute of limitations.

**I. BACKGROUND**

On February 24, 2010, a jury convicted Petitioner of aggravated robbery and assessed punishment at 30 years' imprisonment. *State v. Evans*, No. F0956539, *Judgment of Conviction* (203rd Judicial District Court, Dallas County, 2010), available at http://courtecom.dallascounty.org/pav/.[1] The state court of appeals subsequently affirmed his conviction. *Evans v. State*, No. 05-10-00271-CR, 2011 WL 744516 (Tex. App. – Dallas, 2011, *pet. ref.*). Petitioner then unsuccessfully sought state habeas relief on August 29, 2012, and again on April 22, 2014. *See Ex Parte Evans*, Nos. F0956539A and F0956539B, *Application for Writ* (Tex. Crim. App. 2013), available at http://courtecom.dallascounty.org/pav/. The Texas Court of Criminal Appeals (TCCA) dismissed the first application as non-compliant on March 6, 2013,

---

[1] Document can be accessed on the website by entering case number and selecting Criminal Minutes DC.

and denied the second application without written order. *See Ex Parte Evans*, No. WR-79,133-01, *Action Taken* (Tex. Crim. App. 2013), available at

http://www.search.txcourts.gov/Case.aspx?cn=WR-79,133-01&coa=coscca; *Ex Parte Evans*, No. WR-79,133-02, *Action Taken* (Tex. Crim. App. 2014), available at

http://www.search.txcourts.gov/Case.aspx?cn=WR-79,133-02&coa=coscca.[2]

On May 10, 2015, Petitioner filed the federal habeas petition in this case, raising claims of insufficiency of the evidence and ineffective assistance of counsel at trial and on appeal. Doc. 1 at 6-7.[3] As his federal petition appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period. Doc. 11.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*. See 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-329 (5th Cir. 1999).

Petitioner filed his federal petition well beyond the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or

---

[2] The state applications are deemed filed on August 29, 2012, and April 22, 2014, the date on which Petitioner signed them and likely also handed them to prison officials for mailing. *See Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (holding prison mailbox rule applies to state habeas application).

[3] In light of Petitioner's *pro se* status and the "mailbox rule," *see* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system), the Court deems the federal petition filed on May 10, 2015, when Petitioner signed the same and placed it in the prison mailing system. Doc. 1 at 10.

the expiration of the time for seeking such review"). His conviction became final on December 13, 2011 -- 90 days after the Texas Court of Criminal Appeals refused his petition for discretionary review on September 14, 2011. *See* SUP. CT. R. 13(1) and (3); *Clay v. United States,* 537 U.S. 522, 528 n. 3 (2003); *Evans,* 2011 WL 744516. Thus, the one-year limitations period began running on September 15, 2011, and expired on September 14, 2012.

Although Petitioner filed two state habeas applications, statutory tolling is unavailable. 28 U.S.C. § 2244(d)(2). The TCCA dismissed the first application for "noncompliance" and, as such, it did not satisfy Texas' procedural requirements for state habeas applications. *See Artuz v. Bennett,* 531 U.S. 4, 8 (2000) (an application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."); *see also Villegas v. Johnson,* 184 F.3d 467, 470 (5th Cir. 1999) ((holding "that a 'properly filed application' is one that conforms with a state's applicable procedural filing requirements"). Thus, the first state habeas application did not constitute a properly filed application for purposes of statutory tolling. *See Causey v. Cain,* 450 F.3d 601, 605 n. 6 (5th Cir. 2006) (citing *Edwards v. Dretke,* 116 F. App'x 470, 471 (5th Cir.2004) (application that failed to comply with TEX. R. APP. P. 73.2 "did not constitute a 'properly filed' application"). Moreover, by the time Petitioner filed his second application on April 22, 2014 (more than ten months after the dismissal of the first application), the one-year limitations period had long expired. *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (no statutory tolling if state application is filed after the limitations period expired).[4]

---

[4] Even if the limitations period were statutorily tolled during the pendency of the first state application, the one-year period would have expired on June 21, 2013, more than ten months before Petitioner signed the second application on April 22, 2014.

Additionally, subsections (B) through (D) of section 2244(d)(1) are inapplicable. Petitioner alleges no state-created impediment that prevented timely filing of his claims, does not base his claims on any new constitutional right, and the facts supporting his claims (including his assertions regarding the state plea bargain offer) became or could have become known prior to the date on which his conviction became final.  Petitioner Doc. 1 at 6-7, 9; Doc. 11 at 2-3. Therefore, Petitioner's federal petition is clearly outside the one-year statute of limitations absent equitable tolling.

*Equitable Tolling*

Petitioner's filings, even when liberally construed in accordance with his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.").  Unexplained delays do not evince due diligence or rare and extraordinary circumstances.  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief.").

Moreover, this is not a case in which Petitioner pursued "the process with diligence and alacrity."  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).  In fact, he delayed eight and one-half months from the date his conviction became final until he filed the first, non-complying application.  Upon receiving notice of the dismissal of his first application for procedural deficiencies, Petitioner did not immediately file his second state writ. Rather, he waited ten

months before he submitting the second, properly filed state application. Thus, even equitable tolling for the seven-and-one-half-month delay in Petitioner receiving notice of the denial of his second state application (despite proper notice being mailed to him) would not render his federal petition timely. Doc. 1 at 9.

Next, Petitioner asserts that he has "a below average intelligence" and lacks the "ability to read or understand the law." Doc. 1 at 9. However, Petitioner's *pro se* status, unfamiliarity with the law, and limited education do not suffice as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."); *Taylor v. Thaler*, No. 3:10-CV-2009-N-BK, 2011 WL 1045338 (N.D. Tex. Jan. 24, 2011), recommendation accepted, 2011 WL 1085160 (N.D. Tex. Mar. 22, 2011) (eighth grade education did not justify equitable tolling). Likewise, unsupported, conclusory assertions of below average intelligence or possibly mental illness are insufficient to support equitable tolling. *See  Smith v. Kelly*, 301 F. App'x 375, 378 (5th Cir. 2008) (per curiam) (conclusory assertion of mental illness did not justify equitable tolling). In addition, Petitioner does not allege that any mental illness rendered him unable to pursue his legal rights during the relevant time period. *See Hulsey v. Thaler*, 421 F. App'x 386, 391 (5th Cir. 2011) (per curiam) (equitable tolling was not warranted where petitioner was stable and capable of filing a petition for a period of over one year).

Petitioner also contends that his trial counsel and the state prosecutor delayed in providing evidence of a plea bargain offer. Doc. 1 at 9; Doc. 11 at 2. However, Petitioner's conclusory claims are insufficient to establish any circumstance that prevented the timely filing of his federal petition. *Holland v. Florida*, 560 U.S. at 631, 649 (2010). Moreover, his assertions of ineffective assistance of counsel at trial and on appeal, Doc. 11 at 2-3, have no bearing on equitable tolling because the alleged ineffective assistance occurred long before the one-year limitations period elapsed. *See e.g. Molo v. Johnson,* 207 F.3d 773, 775 (5th Cir. 2000) (ineffective assistance of counsel on appeal is not relevant to equitable tolling). Furthermore, Petitioner does not premise his claims of ineffective assistance of counsel on any misrepresentation or misinformation received from counsel that contributed to the lapse of the one-year statute of limitations. *Cf. United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (attorney's misrepresentations may be grounds for equitable tolling); *Vineyard v. Dretke,* 125 F. App'x 551, 553 (5th Cir. 2005) (per curiam) (equitable tolling is warranted when an attorney affirmatively misinforms his client and causes him to miss the limitations period).

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

*Actual Innocence*

Next, Petitioner asserts that he is actually innocent of aggravated robbery because there was conflicting evidence that he exhibited a deadly weapon after he fled from the scene of the theft. Doc. 11 at 2-3; Doc. 1 at 6-7. While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-

innocence gateway pleas are rare." *McQuiggin v. Perkins*, ––– U.S. –––, 133 S. Ct. 1924, 1928 (2013). To meet the threshold requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Contrary to his assertions, Petitioner presents no newly discovered evidence that would undermine this Court's confidence regarding the state court's findings of guilt. Doc. 11 at 2-3. Indeed, he merely appears to challenge the court of appeals' finding that the evidence was sufficient to support his conviction. Thus, Petitioner has failed to present a credible claim of actual innocence by producing new evidence that is sufficient to persuade this Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Perkins*, 133 S. Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329). Accordingly, the "actual innocence" exception is not applicable to this case, and Petitioner's federal petition should be dismissed as time barred. *See id.* at 1936 (actual innocence gateway is available only when a movant presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.") (quotations and quoted case omitted).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** with prejudice as barred by the one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).

SIGNED December 4, 2015.

---
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE